324 October 2, 2024 No. 696

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. S.,
*Appellant.*

Morrow County Circuit Court
19JU09449; A183333

Robert W. Collins, Jr., Judge.

Submitted June 26, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Gabe Newland, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed.

**ORTEGA, P. J.**

Father appeals a juvenile court order denying his motion to dismiss jurisdiction as to his 15-year-old son, E. The Department of Human Services (the department) concedes that the record contains insufficient evidence to support a finding that father's criminal charges continued to pose a current threat of loss or injury to E that was reasonably likely to be realized. We conclude that the concession is well taken, and accordingly reverse the juvenile court order denying father's motion to dismiss jurisdiction.

Here, the only basis for jurisdiction was that "[f]ather has been indicted in case 20CR10862, on charges of sexual abuse to his daughter." By the time of the hearing at issue in this case, father's criminal charges had been resolved and he was serving his sentence of probation. Father testified that his status on probation would not interfere with his ability to adequately parent E, and the record contains no contradictory evidence. Given the state of the record, we accept the department's concession that the record does not contain sufficient evidence to prove, by a preponderance of the evidence, that father's criminal charges continued to pose a current threat of serious loss or injury that was reasonably likely to be realized absent jurisdiction as to E.

Reversed.